UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE INDIANA STATE COUNCIL OF ROOFERS HEALTH & WELFARE FUND, | ) ) ) ) | |
| Plaintiff, | ) ) | 4:09-CV-0069-PPS-APR |
| v. | ) ) | |
| CHARLES GLUTH & SON ROOFERS, INC., | ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's amended motion for default judgment [DE 10]. Although the grounds for default appear to be present here, Plaintiff has not provided the Court with sufficient evidence to demonstrate an entitlement to the damages.

**BACKGROUND**

Plaintiff Trustees of the Indiana State Council of Roofers Health and Welfare Fund brought this suit against defendant Charles Gluth & Son Roofers, Inc. on October 7, 2009 [DE 1]. Service of the complaint and summons by certified mail was made on Defendant's registered agent on October 13, 2009 [DE 4]. Defendant failed to appear, plead or otherwise defend the lawsuit as required by the Federal Rules of Civil Procedure. Accordingly, Plaintiff moved for entry of default on February 26, 2010 [DE 5], which the clerk entered on March 1, 2010 [DE 6]. After the clerk entered default under Rule 55(a), Plaintiff filed its original motion for default judgment [DE 7]. Plaintiff later sought and was granted leave to file the pending amended motion for default judgment [DE 8 & 9].

1

In the complaint, Plaintiff asserts that Defendant violated the provisions of the Employee Retirement Income Security Act (ERISA) by failing to make the deductions and payments required by the parties' collective bargaining agreement [DE 1]. In the pending motion, Plaintiff asks the Court to order Defendant to pay (1) $24,488.68 in contributions that Defendant failed to make and liquidated damages and interest on those contributions; (2) $2,411 in attorney's fees; and (3) $350 in costs [DE 10]. In support of its damages claim, Plaintiff has submitted an affidavit from Ellen Densborn, the fund administrator [DE 10-2]. Plaintiff also has submitted an affidavit from its attorney, Charles Berger, regarding the attorney's fees it seeks [DE 10-1].

**DISCUSSION**

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.,* 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a).

Because the clerk has already entered a default, this Court may now enter a default judgment under Rule 55(b)(2). But the Court exercises discretion in doing so. *See O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1991). A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff for each cause of action in the complaint. *E360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

Although the well-pleaded allegations of a complaint are generally taken as true, *see id.* at 605, those relating to the amount of damages must be proved, *see Yang v. Hardin*, 37 F.3d 282, 286

(7th Cir. 1994) (citing *United States v. DiMucci*, 879 F.2d 1488, 1497 (7th Cir. 1988)). Thus, upon considering a motion for default judgment, a court may need to hold a hearing to determine damages. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). But in cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, such a hearing is unnecessary. *See O'Brien*, 998 F.2d at 1404 (citing *Dundee Cement Co.*, 722 F.2d at 1323); *E360 Insight*, 500 F.3d at 602.

To prove the amount of damages, conclusory allegations in an affidavit are generally insufficient. *E360 Insight*, 500 F.3d at 603. Similarly, when there are component parts to a damages total, the court requires evidence to support the components of the total damages. *Dundee Cement Co.*, 722 F.2d at 1324.

Here, Ms. Densborn's affidavit provides the Court with only a conclusory allegation of the total amount of contributions owed to the Plaintiff [DE 10-2, ¶ 6]. This does not provide sufficient information to determine the amount of damages to be awarded to Plaintiff. To prove the amount of damages, Plaintiff must submit evidence, by affidavit or other documentation, that explains how its calculation of the total amount of delinquent contributions was performed, including evidence of the time periods for which these contributions are owed. In the alternative, Plaintiff may move for an evidentiary hearing on the issue of damages.

As for the attorney's fees that Plaintiff seeks, Mr. Berger's affidavit provides a sufficiently itemized statement of the time spent on each task for which the Plaintiff seeks fees, along with the rate charged for each task [DE 10-1]. So Plaintiff need not supplement its proof of damages as to attorney's fees.

## CONCLUSION

For the foregoing reasons, Plaintiff's amended motion for default judgment [DE 10] is **DENIED WITH LEAVE TO RE-FILE** with the supplementary evidence as to damages described in this order.

**SO ORDERED**.

ENTERED: November 8, 2010

/s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT