# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

TRUSTEES OF THE INDIANA STATE    )
COUNCIL OF ROOFERS HEALTH &amp;    )
WELFARE FUND,    )
    )
        Plaintiff,    )    4:09-CV-0069-PPS-APR
    )
      v.    )
    )
CHARLES GLUTH &amp; SON ROOFERS, INC.,    )
    )
        Defendant.    )

## OPINION AND ORDER

This matter is before the Court on Plaintiff's amended motion for default judgment [DE 12].

Plaintiff's preceding amended motion for default judgment [DE 10] had shown that the grounds for

default were present here. But the Court denied that motion on the ground that Plaintiff had not

provided sufficient evidence to demonstrate an entitlement to damages [DE 11]. The pending

motion provides sufficient evidence of damages. Accordingly, the pending amended motion for

default judgment is **GRANTED**.

## BACKGROUND

Plaintiff Trustees of the Indiana State Council of Roofers Health and Welfare Fund brought

this suit against defendant Charles Gluth & Son Roofers, Inc. on October 7, 2009 [DE 1]. Service

of the complaint and summons by certified mail was made on Defendant's registered agent on

October 13, 2009 [DE 4]. Defendant failed to appear, plead or otherwise defend the lawsuit as

required by the Federal Rules of Civil Procedure. Accordingly, Plaintiff moved for entry of default

on February 26, 2010 [DE 5], which the clerk entered on March 1, 2010 [DE 6]. After the clerk

1

entered default under Rule 55(a), Plaintiff filed its original motion for default judgment [DE 7].
Plaintiff later sought and was granted leave to file an amended motion for default judgment [DE 8 & 9]. The Court denied that motion because Plaintiff had not provided sufficient evidence of damages [DE 11]. Plaintiff then filed the pending second amended motion for default judgment, which provides additional evidence to support Plaintiff's alleged damages [DE 12].

In the complaint, Plaintiff asserts that Defendant violated the provisions of the Employee Retirement Income Security Act (ERISA) by failing to make the deductions and payments required by the parties' collective bargaining agreement [DE 1]. In the pending motion, Plaintiff asks the Court to order Defendant to pay (1) $40,881.34 in contributions that Defendant failed to make and liquidated damages and interest on those contributions; (2) $2,411 in attorney's fees; and (3) $350 in costs [DE 12]. In support of its damages claim, Plaintiff has submitted an affidavit from Ellen Densborn, the fund administrator [DE 12-1]. Attached to Ms. Densborn's affidavit are the results of an audit by Romolo and Associates, which Ms. Densborn attests provide the supporting documentary evidence for the claimed unpaid contributions [DE 12-1, 12-2]. Plaintiff also has submitted an affidavit from its attorney, Charles Berger, regarding the attorney's fees it seeks [DE 12-3].

## DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.,* 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that

party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a).

Because the clerk has already entered a default, this Court may now enter a default judgment under Rule 55(b)(2). But the Court exercises discretion in doing so. *See O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1991). A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff for each cause of action in the complaint. *E360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

Courts may consider a number of factors when deciding a motion for default judgment, including "whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have." *Wolf Lake*, 433 F. Supp. 2d at 941; *see* Wright & Miller 10A FEDERAL PRAC. & PROC. § 2683 (3d ed.).

In this case, the factors listed above weigh in favor of default judgment. There are few material issues of fact and the grounds for default are clearly established. Moreover, the default is not simply a technicality here. This case has been pending since October 2009, but Defendant has not responded or appeared. Defendant cannot be allowed to simply ignore this lawsuit. The amount of money Plaintiff seeks is not an excessively large sum. And Defendant's refusal to respond to the complaint prejudices Plaintiff by delaying its receipt of the contribution payments that Defendant has owed since June 2009. Because Defendant had contracted to pay to make these contribution payments, default judgment will not have an overly harsh effect on Defendant. Thus, the factors weigh in favor of default judgment.

Although the well-pleaded allegations of a complaint are generally taken as true, *see E360 Insight*, 500 F.3d at 605, those relating to the amount of damages must be proved, *see Yang v.*

*Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (citing *United States v. DiMucci*, 879 F.2d 1488, 1497 (7th Cir. 1988)). Thus, in considering a motion for default judgment, a court may need to hold a hearing to determine damages. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). But in cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, such a hearing is unnecessary. *See O'Brien*, 998 F.2d at 1404 (citing *Dundee Cement Co.*, 722 F.2d at 1323); *E360 Insight*, 500 F.3d at 602.

To prove the amount of damages, conclusory allegations in an affidavit are generally insufficient. *E360 Insight*, 500 F.3d at 603. Similarly, when there are component parts to a damages total, the court requires evidence to support the components of the total damages. *Dundee Cement Co.*, 722 F.2d at 1324.

To support its claim of an ERISA violation, Plaintiff submits an affidavit from Ellen Densborn, the fund administrator [DE 12-1]. She attests that Defendant failed to make timely contributions to the Fund in the total amount of $40,881.34 [*Id.*], and she supports this figure by attaching to her affidavit an audit performed by Romolo and Associates [DE 12-2]. This audit shows the time periods in 2008 and 2010 in which the unpaid contributions were incurred, and how the amounts of the contributions were calculated [*Id.*]. The supporting documentation shows specifically:

**Contribution Due ($)**

**2008**    $181.44

**2010**    $40,699.90

**Total**    **$40,881.34**

[DE 12-2 at 5.]

Under ERISA, Plaintiff is entitled to liquidated damages and interest on the foregoing amounts. *See Operating Eng'rs Local 139 Health Benefit Fund v. Gustafson Constr. Corp*., 258 F.3d 645, 652 (7th Cir. 2001). More specifically, "ERISA provides that in a suit for contributions the fund is entitled not only to the contributions but also to interest on them at the interest rate 'provided under the plan' plus an amount equal to the greater of that interest or 'liquidated damages provided for under the plan.'" *Id.* If the plan does not provide an interest rate, the Court may award Plaintiff interest under 26 U.S.C. § 6621. *See* 29 U.S.C. § 1132(g). This rate will be determined by adding three percentage points to the Federal short-term rate. 26 U.S.C. § 6621(a)(2).

Plaintiff, however, does not specify the interest rate or the liquidated damages provided under the parties' collective bargaining agreement, or otherwise provide the Court with a means of determining the amount of liquidated damages and interest Plaintiff seeks. In the absence of such information, the district court often gives the plaintiff a window of time in which to file supplemental materials indicating the interest and liquidated damages to which it is entitled. *See Trustees of the Teamsters Union Local No. 142 Pension Trust Fund v. McAllister, Inc.*, 602 F. Supp. 2d 948, 959 (N.D. Ind. 2009); *Chicago Dist. Council of Carpenters Pension Fund v. Ceiling Wall Systems, Inc.*, No. 94 C 4423, 1998 WL 773993, at *11 (N.D. Ill. Oct. 30, 1998); *Chicago Dist. Council of Carpenters Pension Fund v. Monarch Roofing Co., Inc.*, 601 F. Supp. 1112, 1119 (N.D. Ill. 1984). The Court will do the same here.

Finally, Plaintiff is entitled to $2,411 in attorney's fees. Plaintiff's attorney, Charles Berger, submitted an affidavit stating that Plaintiff was billed at a rate of $140 per hour, for a total amount

of $2,411, and provided an itemized statement of the time spent on each task he performed [DE 12-3]. The Court finds that $2,411, the final lodestar amount, is reasonable and appropriate. *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003) (noting that a lodestar amount is obtained by multiplying the number of hours an attorney reasonably worked on the litigation by a reasonable hourly rate). In addition, Defendant owes $350.00 to reimburse Plaintiff for the filing fee for this lawsuit.

## CONCLUSION

For the foregoing reasons, Plaintiff's amended motion for default judgment [DE 12] is **GRANTED**. Defendant Charles Gluth & Son Roofers, Inc. is **ORDERED** to pay to plaintiff Trustees of the Indiana State Council of Roofers Health and Welfare Fund:

(1)     $40,881.34 in delinquent contributions for 2008 and 2010;

(2)     $2,411 in attorney's fees; and

(4)     $350.00 for the cost of the filing fee of the complaint;

for a total of **$43,642.34**.

Plaintiff is **GRANTED LEAVE** to file, within **30 days** from the date of entry of this Order, supplemental materials relating to interest and liquidated damages, which address the evidentiary deficiencies described in this Order.


**SO ORDERED**.


ENTERED: January 4, 2011

                                        /s/ Philip P. Simon
                                        PHILIP P. SIMON, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT